UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEITH WILSON, | ) Case No. 5:16CV2690 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE SARA LIOI |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| JOHN COLEMAN, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) MEMORANDUM AND ORDER |
| | ) |

Keith Wilson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Wilson*, Case No. 15CR015 and 15CR048 (Holmes County June 25, 2015). (R. 1, PageID #: 1; R. 13-1, RX 11, 12.) Currently before the court are two motions filed by the *pro se* petitioner, a "Motion to Impound Record" (R. 17), and a "Motion Requesting Court to Construe all arguments" (R. 18). For the following reasons, both motions are denied as moot.

The underlying petition stems from Wilson's 2015 convictions for aggravated robbery, aggravated burglary, and other crimes, in the Holmes County (Ohio) Court of Common Pleas. In his petition, Wilson raises eight grounds for relief:

1. Some or all of Keith Wilson's convictions were against the manifest weight of the evidence.

  2. The trial court abused its discretion and committed plain error to admit the evidence of telephone company records without an authenticating witness, and the records were improperly read into evidence by the prosecuting attorney.

  3. It was structural error or plain error to continue the trial when the victim was seen talking to a juror during a sidebar conference, in violation of Keith Wilson's constitutional right to a fair trial.

  4. The trial court erred by overruling Keith Wilson's motion for mistrial. Otherwise, Keith Wilson's Sixth Amendment right to counsel and his right to a fair adjudication and to an appeal are compromised by a faulty trial transcript.

  5. There was insufficient evidence to convict Keith Wilson on all five counts in the indictment and three gun specifications.

  6. The trial court committed plain error by failing to merge the counts at sentencing, in violation of the right against double jeopardy and Ohio Revised Code 2941.25, because the crimes were allied offenses of similar import. The concurrent sentences were thus contrary to law under R.C. 2953.08(A)(4).

  7. Keith Wilson suffered ineffective assistance of counsel.

  8. The court committed plain errors in sentencing, contrary to law.

(R. 1, PageID #: 5, 7, 8, 10, 16.) The respondent has filed a Return of Writ (R. 13), and Wilson has filed a reply, or Traverse (R. 16).

The petitioner's "Motion to Impound Record" is one sentence and moves the court to "impound petitioner's Legal documents/record from the lower Court in order for this Court to fully examine Petitioner's claims." (R. 17, PageID #: 805.) The court construes this motion as a request that the state court record be preserved

and filed in this action. The respondent has filed the state court record, along with the Return of Writ. *See* R. 13. The motion to impound (R. 17) is DENIED, as moot.

In addition, the petitioner's "Motion Requesting Court to Construe all arguments" is two sentences and moves the court to "construe all his arguments," as he has limited knowledge of the law, and is proceeding without the assistance of counsel. (R. 18, PageID #: 806.) The pleadings of a petition drafted by a *pro se* litigant, such as Wilson, are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). No other special treatment is afforded litigants who decide to proceed *pro se. McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). The motion to construe (R. 18) is DENIED as moot because it does not request any relief apart from the aforementioned standard applied to *pro se* filings.

For the foregoing reasons, the petitioner's motions (R. 17-18) are DENIED, as moot. IT IS SO ORDERED.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: October 27, 2017