# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH WILSON, | ) | CASE NO. 5:16-cv-2690 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JOHN COLEMAN, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge David A Ruiz (Doc. No. 21 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Keith Wilson ("Wilson") filed objections to the R&R. (Doc. No. 22 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Wilson's objections, adopts the R&R in its entirety, and dismisses Wilson's petition for a writ of habeas corpus.

## I. BACKGROUND

Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 3, 2016. (Doc. No. 1 ["Pet."].) Wilson seeks relief from the sentence issued by the state trial court following a jury trial in which the jury returned guilty verdicts against Wilson for the state court offenses of aggravated robbery, aggravated burglary, and grand theft. (R&R at

813–14[1].) The magistrate judge summarized the factual predicate for these offenses, as determined by the state appellate court, as well as Wilson's efforts to appeal his convictions in the state courts. Wilson does not challenge the accuracy of the magistrate judge's summary of the procedural history, though he challenges the legal sufficiency of his post-trial appellate advocacy. Because the summary accurately reflects the procedural posture of the case, the Court will accept the magistrate's summary, as if rewritten herein. (*See id*.)

Wilson raised eight grounds for relief in his habeas petition. In the R&R, the magistrate judge recommended that the Court reject all grounds on the basis that they were procedurally defaulted and that there was no excuse for the default. (R&R at 824–29.) The magistrate judge also observed that several of the claims were not cognizable on federal habeas review. (*Id*. at 829, n.5.) Wilson filed timely objections to the R&R.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P.

---

[1] All page numbers refer to the page numbers generated by the Court's electronic docketing system.

72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, -- U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### III. PETITIONER'S OBJECTIONS

Wilson's objections are rambling and difficult to follow. He appears to raise several

3

objections to the R&R's review of the facts of this case as determined by the Fifth District Court of Appeals of Ohio. (Obj. at 832–34.) With each objection, Wilson merely disputes the facts found by the state appellate court, offering, instead, his view of the evidence offered at trial. (*Id*.) Contrary to Wilson's suggestion that no weight should attach to these state court fact-findings, on federal habeas review, a state court's factual determinations are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Wilson has failed to come forward with clear and convincing evidence necessary to rebut this presumption. *See id*. (providing that the habeas "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"); *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2009); *Warren v. Smith*, 161 F.3d 360–61 (6th Cir. 1998). Accordingly, these objections are OVERRULED.

The balance of his objections are focused on refuting the magistrate judge's recommended determination that all of his grounds for relief are procedurally defaulted. It is well settled that a state prisoner cannot receive federal habeas review of a claim that has been procedurally defaulted. *See Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing, among authority, *Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)). Copying verbatim from his reply to the return of writ, Wilson repeats his argument that he fairly presented his grounds for relief to Ohio's highest court by filing an untimely notice of appeal and a motion for a delayed appeal in the Ohio Supreme Court. (Obj. at 834–35; *see* Doc. No. 16 ["Reply"] at 785–86.) The magistrate judge properly rejected the argument, and Wilson's reproduction of the argument herein does not constitute an appropriate objection. *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991) (noting that a reexamination of the exact same argument that was presented to the magistrate judge without specific

4

objections "wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act").

Even if the Court were willing to revisit the argument, it would reach the same conclusion as the magistrate judge. The Ohio Supreme Court's denial of a motion for delayed appeal procedurally bars a claim from federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see, e.g., Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (holding that a state prisoner fails to comply with an independent and adequate state procedural rule when he fails to file a timely appeal).

Having procedurally defaulted on his claims, Wilson can only obtain habeas review "by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour*, 224 F.3d at 550. Wilson attempts the latter course. A prisoner can establish a fundamental miscarriage of justice by showing that "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). In other words, he must demonstrate that a "constitutional violation has resulted in the conviction of one who is actually innocent[.]" *Schlup*, 513 U.S. at 324. "To be credible, [a claim of actual innocence] requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*.

Wilson posits that the testimony purportedly offered by his co-defendant in a separate

trial—that a cell phone that was alleged to have been used in the planning and/or facilitating of the charged robbery did not belong to Wilson—establishes his actual innocence. Though his *Brady* claim is not entirely clear, Wilson appears to suggest that his co-defendant, Kenny Erwin, testified in a separate trial that the cell phone in question belonged to him [Erwin] and that Erwin merely told Wilson that Lidia Briley had called and was in need of help. This testimony, Wilson believes, is consistent with his own trial theory that he only went to the scene of the robbery to assist Briley. (Obj. at 835–37.) He suggests that the government withheld this allegedly exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). (Obj. at 836–38.)

His freshly minted "*Brady*" claim raises a new argument that was never presented to the magistrate judge. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the magistrate judge." *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010). In *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objection to a Report and Recommendation, and that failure to raise the argument before the magistrate judge constitutes a waiver. "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) (quoting *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988), *rev'd on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc)). Therefore, this argument is waived.

Even if the Court were to consider the *Brady* claim on the merits, the purported testimony at best creates a legal insufficiency; it in no way demonstrates factual innocence by way of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.[2] *See generally Schlup* at 324. Furthermore, the testimony of a co-defendant, which does not establish that Wilson was uninvolved in the robbery, does not demonstrate "it is more likely than not that no reasonable juror would have convicted."[3] *Id.* at 316, 327. (The actual innocence gateway should open only when "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error"); *see generally Allen v. Yukins*, 366 F.3d 396, 405–06 (6th Cir. 2004) (affidavits from co-defendants are inherently suspect with regard to actual innocence claims); *In re Byrd*, 269 F.3d 561, 574 (6th Cir. 2001) (same).

To the extent that Wilson suggests that his co-defendant's trial testimony calls into question the credibility of Briley, a government witness and accomplice who testified as to Wilson's involvement in the robbery (*see* Obj. at 837–88), this likewise would not meet the actual innocence standard under *Schlup*. *See Sawyer v. Whitley*, 505 U.S. 333, 349, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence); *see, e.g., Weaver v. Attorney Gen. of Mont.*, 370 F. App'x 869, 870

---

[2] Wilson points to no evidence to establish that the content of the testimony of his co-defendant qualified as *Brady* material or was otherwise suppressed by the government. *See Kyles v. Whitley*, 514 U.S. 419, 434, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995) (A successful *Brady* claim requires, among other things, a showing that the government improperly withheld exculpatory evidence in its possession); *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) (no duty to disclose agent testimony from detention hearing). In fact, the standard for gateway actual innocence is higher than the standard for materiality under *Brady*. Because Wilson cannot meet the lower *Brady* standard, it follows that his showing is insufficient to satisfy the actual innocence standard. *See, e.g., Jimerson v. Kelley*, 350 F. Supp. 3d 741, 755 (E.D. Ark. 2018).

[3] This is especially true given the fact that Wilson concedes that he was at the scene of the robbery. (*See* Obj. at 838.)

(9th Cir. 2010) (holding that new evidence "tending to undercut the credibility of the state's key witness" did not establish actual innocence); *Llamas v. Valenzuela*, No. CV 15-3760, 2015 WL 9947679, at *8 (C.D. Ca. Nov. 30, 2015) (quoting *McDowell v. Lemke*, 737 F.3d 476, 483–84 (7th Cir. 2013) (noting that impeachment evidence "seldom, if ever, make[s] a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account")).

Accordingly, Wilson cannot use an "actual innocence" claim as a gateway through which this Court may consider his procedurally defaulted claims.[4]

### IV. CONCLUSION

The Court has reviewed the magistrate judge's R&R and ADOPTS the same. Accordingly, the Court OVERRULES the objections and DISMISSES the petition. Further, the Court CERTIFIES an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 6, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Wilson also makes a vague, nonsensical argument that respondent somehow interfered with his ability to file a timely appeal with the Ohio Supreme Court. (*See* Obj. at 832.) Even affording a liberal interpretation appropriate for *pro se* filings, the Court cannot find that Wilson has demonstrate cause and prejudice to excuse his default. *See generally Coleman* 501 U.S. at 729. The Court has no duty to guess at a *pro se* petitioner's objection or construct an objection for him. Further, this argument was not raised before the magistrate judge and is waived.